## Daniel McClure v. William McLane.

1. No proceedings by which a citizen was deprived of his property during the late war, under the plea of alien enemy, by the Confederate authorities, will be validated by the courts.

2. Those who purchased at sales made by Confederate receivers obtained thereby no title to real property, nor do those claiming under them with notice.

3. The possession of persons claiming under such title is wrongful and tortious, and they will be held liable for rents and profits, and for any damage done to the property while in their possession.

APPEAL from Bexar. Tried below before the Hon. Geo. H. Noonan.

*I. P. Simpson*, for appellant, cited Vanderhœven v. Nette, 32 Texas, 184; Gay v. McGuffin, 9 Texas, 501; Crozier v. Kirker, 4 Texas, 252; Rogers v. Brodnax, 24 Texas, 543; Donley v. Tindall, 32 Texas, 43; Ritchie v. Sweet, 32 Texas, 333; Brown v. Reed, 33 Texas, 629; McKeen v. Paschal, 15 Texas, 38; Sutleif v. Gilbert, 8 Ohio, 405.

*S. G. Newton*, for appellee.

WALKER, J.—This suit was originally brought on the seventh of February, 1862, by the appellee against the appellant, on a promissory note, secured by mortgage over a house and lot in San Antonio, and on the sixteenth of March, 1866, McLane filed an amended petition, making Jacob Wælder and W. B. Lee defendants.

He charges that Wælder had torn down and removed a house which was included in his mortgage; that he had used the materials for another building, which he had sold to Lee.

McClure answered the amended petition, averring that McLane's debt was satisfied; that his property had been

6

sequestered in a Confederate court; that McLane had intervened in the proceeding, had established his claim; that the property had been condemned as belonging to an alien enemy, and sold for Confederate money; and that McLane had received the full amount of his claim from N. O. Green, the Confederate States receiver.

This answer appears to embody, substantially, the facts as proven.

McLane claims that he is not bound by the payment in Confederate money; that his debt is a just one, and has never been satisfied.

McClure insists that his property being taken away from him by a proceeding to which McLane was a party, that McLane should be bound by his receipt of the Confederate money.

We deem it unnecessary to discuss the questions raised upon this record, further than to lay down such rules of law as we think must govern the case.

This court will not validate any proceeding under which a citizen was deprived of his property under the plea of alien enemy.

Those who purchased at sales made by Confederate receivers got no title to real property, nor do those claiming under them with notice.

The possession of parties claiming under such title is wrongful and tortious, and they will be held liable for rents and profits, and for any damages done to the property while in their possession. Holding the sale invalid as made by the Confederate States receiver, we think it matters little whether McLane received the Confederate money willingly or unwillingly.

We leave that matter as if no sale had ever taken place, setting aside all claims to this property derived through the Confederate States receiver.

This will leave McLane to enforce his lien against the

property, if he has one, and will deny McClure no defense against it which law or equity gives him.

The judgment of the District Court is reversed and the cause remanded.

REVERSED AND REMANDED.